# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ERIC WARE-MUSTAPHA,         )
                                      )
     Petitioner,             )
                                      )
v.                                 )     Case No. CIV-23-368-SLP
                                      )
K. ZOOKY,               )
                                      )
     Respondent.         )

## O R D E R

This matter is before the Court pursuant to its Order to Show Cause [Doc. No. 11] entered on August 9, 2024.  In that Order, the Court directed Petitioner to show cause why this action brought pursuant to 28 U.S.C. § 2241 should not be dismissed as moot because he was released from custody on March 29, 2024.  *See id.* at 1-2.  The Order further provided that failure to show cause within 21 days from the date of the Order may result in dismissal of this action.  It has now been more than 30 days since the Order was entered, and Petitioner has failed to file any response.[1]

Without any basis in the record to conclude there remains a live controversy, the Court hereby dismisses this action as moot.  *See Kansas Jud. Rev. v. Stout*, 562 F.3d 1240, 1245 (10th Cir. 2009) ("If, during the pendency of the case, circumstances change such

---

[1] The Court's docket reflects that the show cause order was returned as undeliverable [Doc. No. 12].  But Petitioner is responsible for providing notice of any change of address to the Court.  *See* LCvR 5.4 (requiring written notice of a change of address and further providing that papers sent by the Court are "deemed delivered if sent to the last known address given to the court."); *see also Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1267-68 (10th Cir. 1999) (pro se plaintiff who failed to provide any change of address waived right to review of report and recommendation by failing to make a timely objection).

that the plaintiff's legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required."); *Riley v. I.N.S.*, 310 F.3d 1253, 1256-57 (10th Cir. 2002) (holding "that Appellant's release from detention moots his challenge to the legality of his extended detention" brought pursuant to § 2241, because the record did not show any exception to the mootness doctrine applied).

Alternatively, this action is also subject to dismissal for failure to comply with the Court's Order. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss an action sua sponte based on a petitioner's failure to prosecute an action or to follow Court orders. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).[2] In determining whether such a dismissal is proper, the Court considers "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

Upon consideration of these factors, the Court finds that dismissal without prejudice is appropriate in this case. The Court previously warned Petitioner that this action would be subject to dismissal if he failed to show an exception to the mootness doctrine applies.

---

[2] The Rules governing habeas cases provide: "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rules Governing Section 2254 Cases, Rule 12; *see also* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254]").

2

*See* [Doc. No. 11] at 2.  Petitioner's failure to respond to the Court's Order impacts the Court's "ability to manage its docket and move forward with the cases before it, and it cannot do this if a party fails to respond to court orders."  *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009).  Finally, no sanction less than dismissal is practical under the circumstances: absent any response from Petitioner, the Court cannot ascertain whether he still intends to pursue his claims, nor does the record suggest any other sanction would be appropriate.

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice. A separate judgment of dismissal shall be entered contemporaneously with this Order.[3]

IT IS FURTHER ORDERED that the Court declines to adopt the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell [Doc. No. 8] because the issues addressed in the R&R are now moot.

IT IS FURTHER ORDERED that Petitioner's Motion to Proceed in Forma Pauperis [Doc. No. 2] is DENIED as moot.

IT IS SO ORDERED this 17th day of September, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[3] Because Petitioner is a federal prisoner, he does not need a certificate of appealability (COA) to appeal the dismissal of his § 2241 petition. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015).  Therefore, the Court need not consider whether to issue a COA in this case.